UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT _____



FILED
FEB 0 5 2024
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

_____ )
_____ )
_____ )

1:24-cv-49
Atchley/Steger

(Enter above the NAME of the
plaintiff in this action.)   )

v.   )

Gov. Bill Lee & Atty
Gen. State of Tn.   )

_____ )

(Enter above the NAME of each
defendant in this action.)   )

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. Section 1983)

I. PREVIOUS LAWSUITS

    A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? YES ( ) NO (✓)

    B. If your answer to A is YES, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1. Parties to the previous lawsuit:

        Plaintiffs: N/A

        Defendants: N/A

1

2. COURT: (If federal court, name the district; if state court, name the county): N/A

3. DOCKET NUMBER: N/A

4. Name of Judge to whom case was assigned: N/A

5. Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____

6. Approximate date of filing lawsuit: _____

7. Approximate date of disposition: _____

II. PLACE OF PRESENT CONFINEMENT: Athens, TN.

A. Is there a prisoner grievance procedure in this institution? YES (✓) NO ( )

B. Did you present the facts relating to your complaint in the prisoner grievance procedure? YES ( ) NO (✓)

C. If your answer is YES,
  1. What steps did you take? N/A
  2. What was the result? N/A

D. If your answer to B is NO, explain why not. this suit pertains to the S.O.R.

E. If there is no prison grievance procedure in the institution, did you complain to the prison authorities? YES ( ) NO (✓)

F. If your answer is YES,
  1. What steps did you take? N/A

2

2. What was the result? N/A

## III. PARTIES

(In item A below, please your name in the first blank and place your present address in the second blank. Do the same for any additional plaintiffs.)

A. Name of plaintiff: Monolito B. Cooper

Present address: P.O. Box 649 Athens, Tn. 37303

Permanent home address: _____

Address of nearest relative: Juanita Crombie 9997 Rhea Co. Hwy Dayton, Tn. 37321

(In item B below, place the FULL NAME of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the additional names, positions, and places of employment of any additional defendants.)

B. Defendant: Bill Lee

Official position: Governor

Place of employment: State of Tennessee

C. Additional defendants: Attorney Gen. State of Tn.

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the FACTS of your case. Describe how EACH defendant is involved. Include also the names of other persons involved, dates and places. DO NOT give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.)

See Attachments

3

4

In the Eastern District of Tennessee
Office of
Clerk, United States District Court
At Chattanooga,

Monolito B Cooper )
Plantiff )
)
)
VS. )  CASE NO. _____
) (To Be Assigned)
)
Gov. Bill Lee & State of TN. )
Defendant )
)

## Statement of Facts

Comes now the defendant stated above under the penalty of perjury where the defendant being a convicted sex offender, entered into a plea agreement with prosecuting attorney's at Dayton, TN. where said negotiated plea agreement was for the defendant to plead Nolo contendre to criminal attempt to commit rape for a negotiated plea for a term of 5 yrs. at 30% credit for time served beginning in 1992. The defendant also pled guilty to theft over a thousand two (2) years and theft over Ten Thousand to sixty thousand three (3) years ran concurrent to one another. But consecutive to the 5 yrs. consecutive sentencing

(1)

is where one sentence is either paroled or expired before the next sentence begins; In the aforesaid case no #129.36 attempt to commit rape expired in 1996 approximately one (1) year before the July 1, 1997 sex offender registry Act came into effect; The defendant contends that his name being placed on the registry is a violation of his constitutional Rights to Due process; The defendant contends that he had expectations that once his sentence of a negotiated 5yrs at 30% was expired he would be released from custody, However, In 1999 when the defendant expired his latter conviction for theft, He was subjected to an unconstitutional sex offender registry act that passed July 1, 1997; However his Conviction for Crim. Att. to Comm. Rape had expired in 1996 and he should've been able to rely upon his agreed upon plea agreement for 5yrs; Not additional punishment by the sex offender registry whereupon, Because of the SORA the defendant has obtained multiple felonies for failure to register or violation of the registry when the fact of the matter is his agreed upon Plea agreement had no such clauses otherwise the defendant could have defended his case at trial; However, the defendant has been unconstitutionally denied his rights to due process under the 14th amendment of the U.S.C. The defendant has been reincarcerated numerous times for this unconstitutional violation of his Due process rights where he should not have been on the sex offender registry when his sentence

(6)

expired 1996 one year prior to the effective date of the act in July 1, 1997; Because of this gross breach of plea agreement on behalf of the state of Tennessee and gross negligence of the defendants right to Due process protected by the United States constitution, the defendant has been charged numerously for violation of S.O.R. and now has been rendered a career criminal based on a negligence of his rights, deprivation of his rights and a breach of his plea agreement he agreed upon 31 years ago that he is still serving time on, when the defendant is charged for violation of S.O.R. the charge always indicates due to a conviction on case No. 12936 in 1992; Therefore meaning the agreed upon sentence of 5 yrs has actually been a sentence of 31 yrs. It is fundamentally unfair & unconstitutional to make punishment apply retroactively when it wasn't part of the deal when the defendant was convicted over 30 yrs. ago.

    The petitioner contends because of the restrictive nature of the sex offender registry, he has been unconstitutionally deprived to work in his trade of masonary, concrete because such requires travel further, the petitioner contends that he now has multiple felony convictions for violation of the sex offender registry and related charges which has unconstitutionally rendered him as a career criminal because of restrictions placed upon him by the S.O.R., It has been 25 yrs. that the defendant has been subjected to the unconstitutional retroactively S.O.R. when his sex crime expired 28 yrs. ago in 1996.

    The petitioner therefore qualifies according to the constitution of the United States to have these unconstitutional violation of the S.O.R removed from his record and have his name removed from

the sex offender registry as well as being reimbursed for wages lost for the past 25 yrs. based on losing jobs due to incarceration and convictions for violation of probation which stems from the sex offender registry. The pain and mental suffering over a course of 25 yrs. has been beyond repair, as the petitioner has suffered from mental issues due to being subjected to the sex offender registry and multiple convictions for violating the sex offender registry. Both the application of the 1997 act and the 2004 act to convictions prior to the dates those acts passed are by nature unconstitutional. Because they violate the ex post facto provisions in the United States Constitution. The petitioner made a plea agreement in 1992 approximately 32 yrs. ago and the terms of said agreement was a sentence of 5 yrs. for Crim. Att. to Comm. Rape, Pled Nolo contendre in exchange for said sentence, a two year and three year sentences to run concurrent to one another, but consecutive to the five year sentence whereupon the larger sentence of 5 yrs. had to be expired and the two and three years served after. This was the agreement the petitioner agreed to, there was no such act as the S.O.R. had the petitioner known he would be subjected to such punishment as the registry he could have opted to take his case to trial. Being subjected to the sex offender registry the petitioner has been denied his United States Constitutionally protected rights to Due process of the law. Under plea agreement contracts a defendant can rely on Expectation, Consequential, and reliance, when said agreement is either breached or not honored the restitution and nominal fees should be awarded and all ambiguities must be resolved in favor of the defendant, wherein, all plea agreements are largely dictated by the state.

The 2004 act is a Bill of attainder which is outlawed in the U.S. Constitution, which further violates the fourteenth amendment "Right to due process of law.

The petitioner contends that he is entitled to the relief sought in this petition based on the facts stated therein.

V.  **RELIEF**

(State BRIEFLY exactly what you want this Court to do for you. Make NO legal arguments. Cite NO cases or statutes.)

That petitioner be removed from the registry and all previous convictions to the registry, be expunged from his record, including but not limited to violation of S.O.R, Probation, and Perjury concerning the registry and restitution in the amount of $100,000.00 and that filing fees be charged to the state.

I (We) hereby certify under penalty of perjury that the above complaint is true to the best of my (our) information, knowledge and belief.

Signed this ___25th___ day of ___January___, 20_24_.

___Mr. Monroe B. Cooper___
Signature of plaintiff(s)