UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MONOLITO B. COOPER, )
    *Plaintiff*, )
)
v. ) Case No. 1:24-cv-00049-CEA-CHS
)
BILL LEE, in his official capacity as )
Governor of Tennessee, and )
JONATHAN SKRMETTI, in his official, )
capacity as Attorney General of Tennessee, )
    *Defendants*. )

## REPORT AND RECOMMENDATION

**I.   Introduction**

Plaintiff Monolito B. Cooper, currently incarcerated at the Riverbend Maximum Security Institution and proceeding *pro se*, brings this action against Defendants under 42 U.S.C. § 1983 for alleged violations of the United States Constitution's prohibition against *ex post facto* laws [Doc. 1]. Specifically, Plaintiff challenges the various iterations of Tennessee's legislation regarding sex offender registration. [*Id.*]. For the reasons stated herein, the Court **RECOMMENDS** that: (1) Bill Lee, in his official capacity as Governor of Tennessee, be dismissed as a defendant; (2) Plaintiff's claims regarding the validity of various criminal convictions be dismissed; and (3) Plaintiff's claim regarding infringement of the Constitution's Ex Post Facto Clause by Tennessee's 1994 Sexual Offender Registration and Monitoring Act ("SORMA") and its subsequent amendments,[1] as well as the 2004 Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act ("SORA") and its subsequent amendments, survive screening.

---

[1] Plaintiff claims Tennessee passed a sex offender registry act in 1997 [Doc. 1 at 6-8], but SORMA was signed into law in 1994 and was subsequently amended at various times until being repealed and replaced by SORA in 2004. *See Doe v. Lee*, 102 F.4th 330, 332-34

## II.    Background

Plaintiff brings claims under the Article 1 §§ 9-10 and the Fourteenth Amendment of the United States Constitution for the retroactive application of various Tennessee sex offender registration laws based on the following allegations in his complaint:

- Plaintiff entered a plea agreement in 1992 regarding attempted rape. [Doc. 1 at 5, 8].

- Tennessee enacted various legislative iterations of sex offender registries subsequent to Plaintiff's conviction. [*Id.* at 6-9].

- When Plaintiff completed his sentence in 1999, he had to comply with the sex offender registry. [*Id.* at 6].

- Due to different violations of various sex offender registry provisions, Plaintiff was convicted of multiple further felonies. Plaintiff was incarcerated multiple times for these additional felonies. [*Id.* at 6-7].

- Plaintiff is now classified as a career criminal due to these additional convictions. [*Id.* at 7-8].

- Plaintiff "has been unconstitutionally deprived to work in his trade of masonry, concrete because such requires travel farther . . . ." [*Id.* at 7].

Plaintiff seeks removal from the registry, expungement of convictions related to registry violations, and damages of $100,000.00 plus filing fees. [*Id.* at 10].

## III.   Standard of Review

The standard required by § 1915(e)(2) to properly state a claim upon which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of

what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are required to state a claim. *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 696 (brackets original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 557 (2007)). Rather, the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### IV. Discussion

#### A. Claims Against the Governor

In *Doe v. Lee*, the Sixth Circuit found that Plaintiffs challenging Tennessee's sex offender registry did not have standing to sue the governor of Tennessee in his official capacity. 102 F.4th 330, 332-36 (6th Cir. 2024). Therefore, Plaintiff does not have standing to sustain these claims against Governor Lee in his official capacity.

#### B. Criminal Convictions for Violating Registry Provisions

In essence, Plaintiff is attempting to have his underlying convictions for violating various sex offender registry provisions vacated by filing an action under 42 U.S.C. § 1983. "[C]ivil torts

actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," and a plaintiff cannot use a civil torts action to collaterally attack a criminal conviction unless his criminal judgment "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* addressed the viability of a claim for damages brought under 42 U.S.C. § 1983 challenging the constitutionality of a conviction and subsequent imprisonment. 512 U.S. 477.

> *Heck* precludes a prisoner from maintaining a civil rights action for damages based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of the confinement are in fact invalid. The critical inquiry is whether a judgment in favor of the plaintiff in the civil rights case would necessarily imply the invalidity of his conviction or sentence.

*Lueck v. Wathen*, 262 F. Supp. 2d 690, 696 (N.D. Tex. 2003) (citing *Heck*, 512 U.S. at 485-87); *see also, Parvin v. Campbell,* 641 F. App'x. 446, 449 (6th Cir. 2016).

In the instant case, were Plaintiff to prevail on his claims, it would necessarily imply the invalidity of specific criminal convictions. Further, he has not shown, nor has he alleged, that any of his convictions for violating sex offender registry provisions have been reversed on direct appeal, expunged by executsive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, regarding these specific criminal convictions and his consequent classification as a career criminal, Plaintiff has failed to state a plausible claim for which relief can be granted.

### C. Other Claim Under SORMA and SORA

Plaintiff claims his Constitutional rights were violated because SORMA[2] and SORA are *ex post facto* laws. [Doc. 1 at 6-10]. While most of Plaintiff's factual content relates to his criminal convictions, analyzed above, Plaintiff also states he was deprived of work in his trade. [Doc. 1 at 7]. He specifically notes that doing masonry and concrete work requires travel. [*Id.*].

In *Snyder*, the Sixth Circuit considered an *ex post facto* challenge to Michigan's Sex Offender Registration Act ("MSORA"). *Does #1-5 v. Snyder*, 834 F.3d 696, 697 (6th Cir. 2016). Among other provisions, MSORA "prohibit[ed] registrants from living, working, or loitering within 1,000 feet of a school." *Id.* at 698. Ultimately, the Sixth Circuit found MSORA to be punitive and granted relief to the plaintiffs. As part of its "punitive" analysis, the Sixth Circuit stated:

> Sex Offenders are forced to tailor much of their lives around these school zones, and, as the record demonstrates, they often have great difficulty in finding a place where they may legally live or work. Some jobs that require traveling from jobsite to jobsite are rendered basically unavailable since work will surely take place within a school zone at some point.

*Id.* at 702.

Tennessee's restrictions are more onerous than those found in *Snyder*. In 2003, SORMA was amended to prohibit a registrant from living or working within "1,000 feet of a school, a child care facility, or the home of their victim or the victim's immediate family member." *Doe #1 v. Lee*, 518 F. Supp. 3d 1157, 1169 (M.D. Tenn. 2021). In 2009, SORA was amended to forbid registrants "from the premises of school, day care center, public park, playground, recreation center, or public athletic field available for use by the general public if they have reason to believe children are present . . . ." *Id.* at 1170. It also prevented "standing or sitting idly within 1,000 feet of such

---
[2] The Court construes all references to violations before 2004 or under pre-2004 legislation to be under SORMA.

locations unless the registrant is responsible for a child or a 'specific or legitimate reason' for their presence." *Id.* In 2014, SORA was amended to prohibit registrants "from living or working within 1,000 feet of a school, day care center, public park, playground, recreation center, or public athletic field available for use by the general public." *Id.* While these restrictions only go to one factor in a multi-factor analysis of whether a law is punitive,[3] they indicate a plausible path for Plaintiff's claim.

Plaintiff's claim regarding his work clearly communicates a difficulty traveling for his specific type of work due to SORMA and SORA. The Court notes that Plaintiff's work in masonry and concrete is the exact type of work discussed by the Sixth Circuit in *Snyder*. Further, the restrictions on Plaintiff are far greater than those found in *Snyder*. While further factual development might be required of a lawyer, the Court finds that Plaintiff, as a *pro se* litigant, has provided fair notice of his claim and the grounds upon which it rests. Therefore, Plaintiff has stated a plausible claim for relief regarding SORMA and SORA's violations of the Constitution as *ex post facto* laws.

V. Conclusion

For the reasons stated herein, it is **RECOMMENDED**[4] that:

1. Plaintiff's claims against Bill Lee, in his official capacity as Governor of Tennessee, be **DISMISSED WITH PREJUDICE**.

---

[3] *See Snyder*, 834 F.3d at 700-01; *Doe #1 v. Lee*, 518 F. Supp. 3d at 1182-84.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

2. Plaintiff's claims regarding the validity of his criminal convictions due to registry violations and his consequent status as a career criminal be **DISMISSED** for failure to state a claim upon which relief can be granted.

3. Plaintiff's claim that SORMA and SORA violate his Constitutional rights as *ex post facto* laws **SURVIVE SCREENING** because Plaintiff has stated a potentially viable claim upon which relief can be granted.

4. The Clerk of Court issue service packets to Plaintiff to complete and return to the Clerk of Court.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE